UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bernard Ward,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br><br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 1:21-cv-00402-GSA-JLT<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b) |

Plaintiff's counsel Jonathan O. Peña seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).  Doc. 29.  Counsel served Plaintiff by mail with a copy of the motion which notified Plaintiff of the right to respond, if at all, within 14 days of the motion. Doc. 29 at 1; Doc. 30.  Plaintiff did not file a response.  Defendant filed a response summarizing the applicable law but taking no position on the merits of the fee request.  Doc. 30.

**I.　　Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded.  Doc. 29-2.  The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee.  *Id.*

Plaintiff filed a complaint in this Court on March 11, 2021, appealing the Commissioner's decision denying her application for benefits.  Plaintiff filed a motion for summary judgment (Doc. 23), after which the parties stipulated to remand to the agency for further proceedings (Docs. 24–26), and counsel was awarded EAJA fees in an amount of $6,699.26 (Doc. 28).

On remand the agency determined that Plaintiff was disabled and entitled to past due benefits (Doc. 29-1 at 1–2) of which the agency withheld 25% ($55,003.43) for potential payment to counsel (*Id.* at 3).  Counsel now seeks $43,003.43 of the $55,003.43.

## II. **Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

## III. **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance. Counsel's itemized bill reflects 29 hours of time to review the administrative record and draft a detailed motion for summary judgment (the potential merits of which were ostensibly a factor motivating

Defendant's decision to stipulate to remand the matter). Doc. 29-3. 29 hours is a reasonable time expenditure for the performance of those tasks.

The effective hourly rate amounts to $1,482.87 per hour, which is significant but is within the upper limit of reasonableness. *See Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (collecting cases and finding that "hourly rate of $1,553.87 is within the upper boundaries of reasonableness."); *Coder v. Comm'r of Soc. Sec.*, No. 1:20-cv-00497-CDB, 2024 WL 1742026, at *3 (E.D. Cal. Apr. 23, 2024) (reducing de facto hourly rate of $3,532.87 to $1,500.00 per hour); *Reyna v. Comm'r of Soc. Sec.*, No. 1:22-CV-00484-SAB, 2024 WL 4453046, at *2 (E.D. Cal. Oct. 9, 2024) (approving de facto hourly rate of $1,326.57 per hour); *Langston v. Saul*, No. 1:18-CV-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) ($1,453.42 per hour).

Although this is a substantial hourly rate, the fee award would not amount to a windfall. Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Further, the amount sought is less than the 25% statutory threshold which the agency withheld for potential payment to counsel.

The $43,003.43 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **RECOMMENDED** as follows:

1. That Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 29) be **GRANTED**.

2.   That the Commissioner be directed to certify a payment of a gross award in the amount of $43,003.43 to: Jonathan O. Peña.

3.   That Jonathan O. Peña be directed to remit directly to Plaintiff Bernard Ward the EAJA fees previously awarded in the amount of $6,699.26.

### IV.   Objections Due Within 14 Days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 25, 2024**              **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE